# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

WILLIE TIDWELL,                                                                                                                  PLAINTIFF
#1410-19

v.                                                   4:20CV01419-JM-JTK

HARRIS, et al.                                                                                                                 DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Tidwell is an inmate confined at the Pulaski County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action against four named Defendants (Doc. No. 2). By Order dated December 15, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and directed him to file an Amended Complaint within thirty days, noting that he did not include specific allegations against most of the named Defendants. (Doc. No. 5) Plaintiff has now submitted an Amended Complaint, naming one defendant. (Doc. No. 6)

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

In his Original Complaint and Addendum (Doc. Nos. 2-3), Plaintiff alleged Defendant Harris shut a cell door on his hand and that he was not provided proper medical care. In the December 15, 2020 Order, the Court provided Plaintiff with directions about the type of information he should include in an Amended Complaint, and noted that an Amended Complaint would render the Original Complaints without legal effect. (Doc. No. 5, p. 4)

Initially, the Court notes that Plaintiff's allegations against Defendants in their official capacities should be dismissed. A suit against a county official in his or her official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).   In addition, Defendants cannot be liable for money damages in their official capacities because Plaintiff did not allege a valid claim against their employer, Pulaski County. Johnson v. Blaukat, 453 F.3d 1008, 1114, (8th Cir. 2006). Absent such allegations in this case, the Court finds Plaintiff's allegations against Defendants in their official capacities should be dismissed, for failure to state a claim upon which relief may be granted.

Plaintiff's allegations against Defendants in their individual capacities also should be dismissed. To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO

4

1993).   Plaintiff stated in his Amended Complaint that he was housed at the Jail as a pretrial detainee (Doc. No. 6, p. 3); therefore, due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976).   In Bell, the court held that pretrial detainees are protected under the Due Process Clause from conditions of confinement that amount to punishment. 441 U.S. at 535. Conditions are considered punitive if they were intentional, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose, and mere negligence is insufficient to support such a claim. Stearns v. Inmate Services Corp., 957 F.3d 902, 907 (8th Cir. 2020).

Plaintiff named only Defendant Harris in his Amended Complaint, and alleged that on his way out of the bathroom on August 2, 2020, she shut the door hard and the door jammed his left finger. (Doc. No. 6, p. 4) When he asked to see the nurse she told him he was not hurt and she did not provide him a sick call form. (Id.) Plaintiff stated that he filled out a sick call form on August 9, 2020 and that the nurses gave him Tylenol for pain and something to wrap around his finger. (Id., pp. 4-5)

As noted, Plaintiff did not list the previously-named Defendants (Adams, Wilburn, and Ballary) as Defendants in his Amended Complaint; however he stated in his claim for relief that Defendants Harris, Adams and Wilburn were "wrong." (Doc. No. 6, p. 5) In addition, his allegation that Defendant Harris shut the door hard as he was leaving the bathroom and that the door jammed his finger, does not rise to the level of intentional or punitive, as set forth in Stearns. As most, Plaintiff's allegation against Defendant Harris is based on a negligent action, which does not support a constitutional claim for relief. Therefore, the Court finds that Plaintiff's Complaint

5

should be dismissed.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.